IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CARLOS CANNON, #347-840 | * | |
| Plaintiff | * | |
| v | * | Civil Action Case No. JFM-10-1089 |
| CHIEF LONGO, et al. | * | |
| Defendant | * | |

***

## MEMORANDUM

Pending is Carlos Cannon's complaint pursuant to 42 U.S.C. § 1983. Counsel for defendants Chief Longo,[1] Sergeant Brown, Sergeant Noon, Corporal Wallace, and Officer Stevenson moved for dismissal or, in the alternative for summary judgment. ECF No. 8 and 17. Cannon filed replies to the dispositive pleadings. ECF No. 13 and 21.[2] For the following reasons, the court will GRANT defendants' motions for summary judgment.

**I.     Background**

Cannon claims that between March 28, 2007, and December 13, 2007,[3] he was subjected

---

[1] Chief Robert Longo is the former Chief of Security and Deputy Superintendent of the Caroline County Detention Center. Ruth Colbourne is presently Superintendent of the Detention Center. Cannon does not allege any personal involvement by Superintendant Colbourne. To the extent Cannon intends to raise claims based on supervisory liability, the doctrine of respondeat superior does not apply in § 1983 proceedings. *See Monell v. Department of Social Services,* 436 U.S. 658, 691 (1978); *Love-Lane v. Martin,* 355 F.3d 766, 782 (4th Cir. 2004). Absent any allegation of personal involvement or unconstitutional policy or custom, there is no legal basis to find the Superintendent Colbourne liable and she will be dismissed as a defendant.

[2] Pursuant to the *Roseboro v. Garrison* F. 2d 309 (4th Cir. 1975), Cannon was provided opportunities to contest defendants' dispositive submissions with affidavits, exhibits and attachments. ECF No. 10 and 18.

[3] Cannon filed this complaint on April 30, 2010. Because 42 U.S.C. § 1983 contains no specific statute of limitations, federal courts borrow state statutes of limitations for personal injury actions in § 1983 suits. *See Wilson v. Garcia*, 471 U.S. 261 (1985)). Maryland's general three-year statute of limitations for civil actions is most applicable to the case at bar. *See* Md. Cts. & Jud. Proc. Code Ann., §5-101. The statute of limitations begins to run when a plaintiff knows or has reason to know of his injury. *See Cox v. Stanton*, 529 F.2d 47, 50 (1975). In this context, Cannon's cause of action arose when the events allegedly occurred. As such, actions that occurred prior to April 30, 2007, would be barred by the statute of limitations.

to unconstitutional conditions of confinement and excessive force while an inmate at the Caroline County Detention Center ("Detention Center"). Cannon asserts that: 1) Sergeant Brown ordered Officer Wallace to use a taser on him without justification; 2) he was placed in a restraining chair for "several days"; and 3) Chief Longo grabbed him around the head and the pushed on the area below his eye, causing him pain and injury. Complaint p. 9.

Cannon was incarcerated at the Detention Center between March 28, 2007, and May 22, 2007. He was briefly transferred to the Dorchester County Detention Center and returned to the Caroline County Detention Center on July 2, 2007. On December 13, 2007, Cannon was transferred to the Division of Correction. ECF No. 8, Defendants' Exhibit 1. Currently, he is housed at the Maryland Correctional Institution- Jessup. ECF No. 20.

## II. Standard of Review

Fed. R. Civ. P. 56(a) & (c) provide:

A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Under Supreme Court standard, this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc*., 477 U. S. 242, 247-48 (1986) (emphasis in original).

The party seeking summary judgment bears an initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the moving party has met that burden, the non-moving party must come forward and demonstrate that such an issue does, in fact, exist. *See Matsushita Elec. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986). "The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc*., 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)); *see also Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988).

In conducting the aforementioned analysis, the court generally must view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *See Scott v. Harris,* 550 U.S. 372, 376-77 (2007). However, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Id.* at 380.

**Exhaustion of Remedies**

Defendants raise Cannon's failure to exhaust administrative remedies as an affirmative defense. The Prison Litigation Reform Act of 1995 (PLRA) requires that "prisoners ... exhaust such administrative remedies as are available prior to filing suit in federal court." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (internal quotation marks omitted) (quoting 42

3

U.S.C. § 1997e(a)). The PLRA applies to "all inmate suits about prison life, whether they involved general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Before bringing suit in federal court, "a prisoner must have utilized all available remedies 'in accordance with the applicable procedural rules,' so that prison officials have been given an opportunity to address the claims administratively." *Id*. (quoting *Woodford v. Ngo*, 548 U.S. 81, 88(2006)). Exhaustion is mandatory and unexhausted claims may not be brought in court. *See Jones v. Bock*, 549 U.S. 199 (2007). A district court may sua sponte "dismiss [ ] a complaint where the failure to exhaust is apparent from the face of the complaint" as long as the inmate is provided the "opportunity to respond to the issue" prior to dismissal. *Anderson v. XYZ Correctional Health Services., Inc*., 407 F.3d 674, 683 (4th Cir. 2005). Cannon is required under the PLRA to properly exhaust all administrative remedies prior to filing suit and has failed to do so.

During the time Cannon was housed at the Caroline County Detention Center, the grievance process was explained in the Inmate Orientation Handbook. Defendants' Exhibit 5. On March 28, 2007, Cannon signed an acknowledgement that he received a copy of the handbook. Defendants' Exhibit 2.

Cannon did not submit any formal grievance complaints pursuant the process outlined in the handbook, but submitted nine Inmate Request slips. In his complaint, Cannon indicates that only request slips were available and he obtained "no result." Complaint, p. 3. Cannon indicates that he was never "given any kind of form other than sick call slips and request slips when I complained to officer [sic]." Plaintiff's Reply ECF No. 13, p. 15. Cannon alleges that he "wrote many sick call slips, request slips, even letters of complaint to the administration by means of

4

forms provided by the officers, also my personal paper, " and seems to suggest that he thought the Inmate Request Slips were part of the grievance process. Complaint, p. 5; Plaintiff's Reply ECF No. 13, p. 10. Cannon, however, provides neither affidavits nor other evidence in support of his contention that he submitted other forms, but avers only that Defendants have not provided all his informal written complaints to the court. *See id*, p. 11. Notably, none of the Inmate Request Slips that he submitted concerned alleged conditions of confinement or incidents of excessive force.[4]

Viewing the facts in the light most favorable to Cannon, his allegations fail to set forth specific facts showing a genuine issue for trial. Apart from his unsupported and self-serving allegations and denials, Cannon also fails to satisfy his burden to show that he complied with the administrative grievance process required by the PLRA. Consequently, the court must grant summary judgment in favor of defendants.

### III. Conclusion

For the foregoing reasons, the court determines that Cannon has failed to make a showing sufficient to establish exhaustion of administrative remedies and defendants are entitled to summary judgment as a matter of law. A separate order follows.

__February 22, 2011__  
Date

_____/s/_____  
J. Frederick Motz  
United States District Judge

---

[4] The Inmate Request slips concerned requests : 1) for legal research; 2 and 3) to speak to a public defender (separate requests); 3) to speak to his previous counsel; 4) for Black Entertainment cable television programs; 5) to change housing; 6) to move to cell D-6; 7) for a clock; 8) to attend GED classes; and 9) for boxer shorts. Defendants' Exhibit 4.